New Yorker Hotel Mgt. Co., Inc. v Barreto (2020 NY Slip Op 51212(U))

[*1]

New Yorker Hotel Mgt. Co., Inc. v Barreto

2020 NY Slip Op 51212(U) [69 Misc 3d 132(A)]

Decided on October 21, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 21, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570134/20

New Yorker Hotel Management Company,
Inc., Petitioner-Licensor-Appellant, 
against
Mickey Barreto, Respondent-Licensee-Respondent, -and- Matthew
Hannan, "John Doe" and "Jane Doe," Respondents.

Petitioner appeals from a final judgment of the Civil Court of the City of New York, New
York County (Jean T. Schneider, J.), entered May 29, 2019, after a nonjury trial, in favor of
respondent Barreto dismissing the petition in a holdover summary proceeding.

Per Curiam.
Final judgment (Jean T. Schneider, J.), entered on or about May 29, 2019, affirmed, without
costs.
Petitioner commenced this licensee holdover proceeding to recover possession of Room
2565 at the building known as the Hotel New Yorker. The petition and the attached 10-day notice
to quit allege that the unit is exempt from Rent Stabilization because "the Room was rented on
May 31, 1968 for more than $350 per month or $88 per week," and that respondent Mickey
Barreto's license to occupy the room was revoked and/or terminated. At the commencement of
trial, petitioner's counsel reiterated its claim that the hotel unit is "not Hotel Stabilized because
the rent was over the threshold $350 a month or $88 a week in May of 1968." The proceeding
was litigated on this issue.
To meet its burden of establishing that the hotel dwelling unit was exempt from rent
stabilization coverage pursuant to Rent Stabilization Code [9 NYCRR] § 2520.11(g)(2),
petitioner was required to establish that the "rent charged" for the subject unit exceeded $350 per
month or $88 per week on the statutory base date of May 31, 1968 (see Rent Stabilization
Law of 1969 [Administrative Code of City of NY] § 26-506[a]; Alphonse Hotel Corp. v
Roseboom, 46 Misc 3d 136[A], 2015 NY Slip Op 50006[U] [App Term, 1st Dept 2015]).
The trial court's determination that petitioner failed to meet this burden is supported by a fair
interpretation of the evidence (see Thoreson v Penthouse Intl., 80 NY2d 490, 495
[1992]). As the court properly [*2]found, petitioner "offered no
direct evidence of what rent was charged for the room, or for any other room in the hotel, in
1968" (see Alphonse Hotel Corp. v Roseboom, supra; Chelsea 23rd St. Corp. v Nolan,
2001 NY Slip Op 40301[U] [App Term, 1st Dept 2001]), and the documentary proof relied upon
by petitioner, including the 1966 edition of the national "Hotel & Motel Red Book"
indicating the single- and double-occupancy rates for any of the 2,100 units in the subject hotel
through April 1967, one year prior to the relevant base date, and an accountant's report dated
December 3, 1969 based, in part, upon historical monthly average daily rates in the same
"Pennsylvania [Station] Zone," was "too equivocal" to establish the rent charged on the base
date.
Since petitioner failed to meet its burden on the issue as framed, the petition was properly
dismissed. We reach no other issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 21, 2020